UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN, § § § | |
| Plaintiff, § § | |
| v. § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, § § § | No. 2:10-cv-01407-JS |
| and § § | |
| CATHERINE FARMER, § § § | |
| Defendants. § | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Catherine Farmer respectfully moves the Court to dismiss the claim brought against her, in its entirety, for failure to state a claim upon which relief can be granted; and Defendant National Board of Medical Examiners moves to dismiss Plaintiff's claim insofar as it requests damages. The grounds for this motion are set forth in the accompanying Memorandum in Support.

Dated this 22nd day of July 2010.

Respectfully submitted,

_____/s/_____
Robert A. Burgoyne
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC  20004-2623
(202) 662-0200
Fax:  (202) 662-4643
Email:  rburgoyne@fulbright.com

80850137.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>and<br><br>CATHERINE FARMER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   No. 2:10-cv-01407-JS<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Stephen Harrison Cockburn ("Mr. Cockburn") has sued Defendants National Board of Medical Examiners ("NBME") and Catherine Farmer ("Ms. Farmer") under a provision in Title III of the Americans with Disabilities Act ("ADA") that addresses the administration of examinations to individuals with disabilities. *See* Complaint ¶ 2 (citing 42 U.S.C. § 12189). Mr. Cockburn asserts that Defendants violated the ADA by failing to provide him with extra testing time and other accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"). *See* Complaint at pp. 11-12.

For reasons set forth below, Ms. Farmer moves to dismiss Mr. Cockburn's claims against her in their entirety for failure to state a claim for which relief can be granted. There is no individual liability under the applicable provision of the ADA. In addition, NBME moves for partial dismissal of Mr. Cockburn's claims insofar as he has requested damages. It is firmly established that damages cannot be recovered under Title III of the ADA.

**FACTS**

The USMLE is a three-step examination taken by individuals seeking allopathic medical licensure in the United States. Complaint ¶ 5. The examination assesses an examinee's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient centered skills that are important in health and disease and that constitute the basis of safe and effective patient care. *Id*. NBME, together with the Federation of State Medical Boards (FSMB), develops and provides for the administration of USMLE. *Id*. at ¶¶ 5, 10.

NBME provides testing accommodations on the USMLE examinations to individuals who provide adequate documentation that they have a disability within the meaning of the ADA and need reasonable accommodations when taking one of the examinations. Mr. Cockburn is a medical student who has applied to take Step 1 of the USMLE. Complaint ¶¶ 8, 9, 12. Mr. Cockburn alleges that he has a disability within the meaning of the ADA, and that he needs extra testing time and other accommodations because of the functional limitations associated with his disability. *Id*. at ¶¶ 11-13. Specifically, Mr. Cockburn alleges that he has Attention Deficit/Hyperactivity Disorder ("ADHD") and a learning disability. *Id*. at ¶ 11.

Ms. Farmer is the Manager of Disability Services at NBME and oversees the department responsible for reviewing applications for testing accommodations. *See* Complaint ¶ 6. In her role as an employee of NBME, Ms. Farmer reviewed Mr. Cockburn's application for accommodations on Step 1 of the USMLE together with the supporting documentation provided by Mr. Cockburn. She sent letters on NBME's behalf informing Mr. Cockburn that his request for accommodations had been denied. *See id*. at ¶¶ 6, 32, 42, and 46.

**ARGUMENT**

I.     **Plaintiff Has Failed To State A Viable Claim Against Ms. Farmer**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege sufficient facts, accepted as true, to "state a claim for relief that is plausible on its face." *N'Jai v. Floyd*, 2010 U.S. App. LEXIS 13965, *4 (3d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Mr. Cockburn cannot meet this standard with respect to the claim he has asserted against Ms. Farmer.  Accepting all facts in the Complaint as true for purposes of this motion, Mr. Cockburn's claim against Ms. Farmer must be dismissed because the ADA does not allow claims against individual defendants.  *N'Jai*, 2010 U.S. App. LEXIS at *8 (affirming dismissal of Title I ADA claims against individual defendants).

Mr. Cockburn has sued Ms. Farmer under the ADA solely "in her official capacity as Manager of Disability Services for NBME."  *See* Complaint ¶ 6.  "[T]he overwhelming authority on the issue has concluded that no such individual liability exists" under the ADA.  *Boggi v. Medical Review & Accrediting Council*, 2009 WL 2951022, ** 9-10 (E.D. Pa. 2009) (dismissing claims against individual defendants pursuant to Rule 12(b)(6)).  Mr. Cockburn has therefore failed to state a claim against Ms. Farmer for which relief can be granted.

In *Emerson v. Thiel College*, a student brought suit against his college and its individual employees, including the President and Vice President for Academic Affairs, for violation of Title III of the ADA.  *See* 296 F.3d 184, 186 (3d Cir. 2002).  The Third Circuit rejected the claim, holding that the individual defendants did not "operate" Thiel College and therefore could not be sued for violating the public accommodation provisions in Title III.  *Id*. at 189.

Similar reasoning applies here.  Mr. Cockburn has filed suit under Title III of the ADA against a private testing organization governed by 42 U.S.C. § 12189.  Section 12189 states, in relevant part, that "[a]ny person that offers examinations … related to applications, licensing,

certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations … in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. Ms. Farmer does not "offer" the USMLE Step 1 examination. The USMLE Step 1 examination is offered jointly by NBME and FSMB. Ms. Farmer is merely an employee of NBME. In that capacity, and acting at all times on behalf of the NBME, she oversaw the review of Mr. Cockburn's request for accommodations and sent letters to Mr. Cockburn informing him of NBME's decision regarding his accommodation request. Therefore, like the individuals sued in *Emerson*, she is not the entity that is covered by the applicable ADA provision, she should not have been named as a defendant in this lawsuit, and the claim against Ms. Farmer should be dismissed. *See also Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (holding that the individual defendants could not be held liable under Title I of the ADA); *Walter v. Cumberland School Dist.*, 2010 U.S. Dist. LEXIS 57177, ** 13-14 (M.D. Pa. 2010)("no individual liability exists under the ADA"); *Taylor v. Altoona Area School Dist.*, 513 F. Supp. 2d 540, 558-60 (W.D. Pa. 2007)(dismissing ADA Title II claims against individual defendants).

**II.     Plaintiff Cannot Recover Damages Under Title III Of The ADA**

Mr. Cockburn's Complaint includes a request for compensatory and punitive damages. *See* Complaint at p. 12. However, "[m]onetary relief … is not available to private individuals under Title III of the ADA." *Powell v. National Board of Medical Examiners*, 364 F.3d. 79, 86 (2d Cir. 2004); *see also Adelman v. ACME Mkts. Corp.*, 1996 U.S. Dist. LEXIS 4152, *4 (E.D. Pa. 1996)(dismissing Title III complaint seeking compensatory and punitive damages, because "Title III … does not authorize a claim by a private individual for money damages"). Mr. Cockburn's claim against NBME should therefore be dismissed insofar as it seeks compensatory and punitive damages.

-5-

## CONCLUSION

Ms. Farmer should be dismissed as a defendant in this case. In addition, Mr. Cockburn's request for compensatory and punitive damages against NBME should be dismissed.

Dated this 22nd day of July 2010.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Robert A. Burgoyne
                                          FULBRIGHT & JAWORSKI L.L.P.
                                          801 Pennsylvania Avenue, NW
                                          Washington, DC  20004-2623
                                          (202) 662-0200
                                          Fax:  (202) 662-4643
                                          Email:  rburgoyne@fulbright.com