UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN, § § | |
| Plaintiff, § § | |
| vs. § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, § § § § | Civil Action No. 2:10-cv-01407-JS |
| and § § | |
| CATHERINE FARMER, § § | |
| Defendants. § | |

## ANSWER

Defendant National Board of Medical Examiners ("NBME") hereby answers the Complaint of Plaintiff Stephen Harrison Cockburn ("Cockburn" or "Plaintiff") as follows:

### JURISDICTION AND VENUE

1. NBME admits that this Court has jurisdiction over this matter under 28 U.S.C. § 1331.

2. NBME denies the allegations of Paragraph 2 but admits that it is a covered entity under Title III, and admits that it, together with the Federation of State Medical Boards, offers the United States Medical Licensing Examination ("USMLE"), a multi-Step examination that is accepted by medical licensing authorities as part of their licensure process for physicians. NBME also admits that some steps of USMLE are taken by individuals when they are medical school students, and that some medical schools require passage of a given USMLE Step examination in order to progress in medical school. NBME does not know what the Plaintiff means by "credentials," however, and therefore denies the remaining allegation in Paragraph 2.

3.     NBME admits the allegations in Paragraph 3 of the Complaint.

**PARTIES**

4.     NBME does not have sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies those allegations.

5.     NBME denies the allegations in Paragraph 5 of the Complaint, except that it admits that NBME is a non-profit corporation headquartered in Philadelphia, Pennsylvania; and that NBME, together with the Federation of State Medical Boards, develops and provides for the administration of the USMLE, a standardized three-step examination for licensure, successful completion of which is required for allopathic medical licensure in the United States.

6.     NBME admits the allegations in Paragraph 6 of the Complaint, but denies that there is any basis for including Catherine Farmer as a defendant in this lawsuit.

**STATEMENT OF FACTS**

7.     NBME does not have sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies those allegations.

8.     NBME does not have sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies those allegations.

9.     NBME admits that Plaintiff submitted an application on March 30, 2009 to take Step 1.  NBME does not have sufficient information to admit or deny the remaining allegation in Paragraph 9 and therefore denies that allegation.

10.    In response to the allegations in Paragraph 10, NBME admits that its main offices are located in Philadelphia, Pennsylvania, and that, together with the Federation of State Medical Boards, it provides for the administration of USMLE.

11. Based upon the documentation provided by Plaintiff in support of his accommodation request, NBME denies that Plaintiff has a disability within the meaning of the ADA and denies the remaining allegations in Paragraph 11 of the Complaint.

12. NBME admits that Plaintiff requested accommodations on the USMLE Step 1 examination in April 2009. NBME lacks sufficient information to admit or deny the remaining allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13. NBME admits that plaintiff requested the accommodation of double the standard testing time and denies the remaining allegations in Paragraph 13.

14. NBME does not have sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies those allegations.

15. NBME does not have sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

16. NBME does not have sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

17. NBME does not have sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by

Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

18. NBME does not have sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

19. NBME does not have sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies those allegations. NBME notes, however, that, in a 1998 evaluation, Dr. Filipowski concluded that Plaintiff "does not meet the diagnostic criteria for the presence of a learning disability." To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

20. NBME does not have sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

21. NBME does not have sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

22. NBME does not have sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

23. NBME does not have sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

24. NBME does not have sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

25. NBME does not have sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

26. NBME does not have sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by

Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

27. NBME does not have sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

28. NBME does not have sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies those allegations. To the extent that the allegations in this Paragraph reflect information contained in any documents provided by Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

29. NBME does not have sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies those allegations, except that NBME admits that Plaintiff submitted documents to NBME in support of his request for accommodations and states that those documents speak for themselves.

30. NBME denies the allegations in Paragraph 30 of the Complaint, except that NBME admits that NBME sent a letter to Plaintiff, the contents of which speak for themselves.

31. NBME denies the allegations in Paragraph 31 of the Complaint, but admits that Plaintiff sent certain additional information to the NBME.

32. In response to the allegations in Paragraph 32 of the Complaint, NBME admits that Catherine Farmer sent a letter to Plaintiff dated August 31, 2009, and that the letter informed

Plaintiff that his request for accommodations had been denied.  The contents of the letter speak for themselves.

33. NBME admits the allegations in Paragraph 33 of the Complaint.

34. NBME admits the allegations in Paragraph 34 of the Complaint.

35. NBME does not have sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies those allegations.

36. Upon information and belief, NBME admits that Plaintiff provided a document from a Dr. Vincent Culotta describing an evaluation of Plaintiff in September and October of 2009.  NBME does not have sufficient information to admit or deny the remaining allegations in Paragraph 36 of the Complaint and therefore denies those allegations.  To the extent those allegations are intended to reflect information in any documents that were provided by or for Plaintiff to NBME, the documents speak for themselves and are the best evidence of their contents.

37. NBME does not have sufficient information to form an opinion regarding the records Dr. Culotta reviewed and therefore denies the first allegation in Paragraph 37 of the Complaint.  NBME admits that a report was provided to NBME that purports to be from a Dr. Culotta and states that the contents of the report speak for themselves.

38. NBME does not have sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies those allegations.  NBME admits, however, that a report that was provided to NBME and that purports to be from a Dr. Cullotta which recommended that Plaintiff receive 100% extended testing time.  The contents of the report speak for themselves.

39. On the assumption that Paragraph 39 is alleging that Plaintiff submitted a copy of a report from a Dr. Culotta to NBME, NBME admits the allegations in Paragraph 39 of the Complaint.

40. On the assumption that Paragraph 40 is alleging that Plaintiff submitted copies of certain records of his elementary school, middle school and high school performance to NBME, NBME admits the allegations in Paragraph 40 of the Complaint.

41. NBME does not have sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies those allegations.

42. In response to the allegations in Paragraph 42 of the Complaint, NBME admits that Catherine. Farmer sent a letter to Plaintiff on December 9, 2009 and that the letter informed Plaintiff that his request for accommodations had been denied. The contents of the letter speak for themselves.

43. NBME admits that Catherine Farmer, on behalf of the NBME, sent a letter to Plaintiff, the contents of which speak for themselves. NBME denies the remaining allegations in Paragraph 43 of the Complaint.

44. NBME denies the allegations in Paragraph 44 of the Complaint.

45. In response to the allegations in Paragraph 45 of the Complaint, NBME denies that Catherine Farmer failed to consider any part of Plaintiff's request for accommodations, or that Catherine Farmer's letter suggested that NBME had failed to consider any part of Plaintiff's application for accommodations. The contents of Ms. Farmer's letter speak for themselves.

46. NBME denies the allegations in Paragraph 46 of the Complaint, except that it admits that Plaintiff, through his attorney, requested that NBME reconsider its decision, and that NBME denied Plaintiff's request. NBME specifically denies that it failed to provide

explanations for its decision in the denial letters sent to Plaintiff in August and December of 2009 and February of 2010.

47. NBME does not have sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies those allegations.

48. NBME admits that Plaintiff has hired legal counsel to bring this lawsuit against NBME. NBME does not have sufficient information to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and therefore denies those allegations.

49. NBME denies that its denial of Plaintiff's request was arbitrary. NBME does not have sufficient information to admit or deny the remaining allegations in Paragraph 49, and therefore denies those allegations.

## CAUSES OF ACTION

**Violation of Title III of the ADA**

Defendant incorporates by reference Paragraphs 1 through 49 of this answer. Defendant denies that Plaintiff has documented a disability within the meaning of the ADA. Defendant also denies the allegations in sub-paragraphs *a* through *f* of the Complaint.

## JURY DEMAND

Defendant denies that Plaintiff has a right to jury trial for claims brought under the ADA.

## PRAYER FOR RELIEF

NBME denies that Plaintiff is entitled to relief, at law or in equity.

A. NBME denies that Plaintiff has documented that he has a disability within the meaning of the ADA and should be granted the accommodations recommended by his psychologist.

      B.      NBME denies that compensatory damages can be awarded to Plaintiff under the ADA.

      C.      NBME denies that punitive damages can be awarded to Plaintiff under the ADA.

      D.      NBME denies that Plaintiff is entitled to attorney's fees, costs expenses, and other relief.

      E.      NBME denies that Plaintiff is entitled to any other relief, at law or in equity.

WHEREFORE, NBME respectfully requests that the Complaint be dismissed with prejudice, and that NBME be awarded its costs of the litigation, including reasonable attorneys' fees, as well as such further relief as the Court deems appropriate.

Dated this 22nd day of July 2010.

                                          Respectfully submitted,

                                          _____/s/_____
                                          ROBERT A. BURGOYNE
                                          Fulbright & Jaworski L.L.P.
                                          801 Pennsylvania Avenue, NW
                                          Washington, DC  20004-2623
                                          (202) 662-0200
                                          Fax:  (202) 662-4643
                                          Email:  rburgoyne@fulbright.com