**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN HARRISON COCKBURN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 10-1407** |
| | ) | |
| **NATIONAL BOARD OF** | ) | |
| **MEDICAL EXAMINERS** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In a Motion filed with this Court on July 22, 2010, Defendant Catherine Farmer (hereinafter, "Farmer") moved this Court to dismiss all claims against her in their entirety for failure to state a claim for which relief can be granted.  See Defendants' Memorandum in Support of Motion to Dismiss (hereinafter, "Defendants' Memorandum") dated July 22, 2010, at 1.  Defendants alleged that "There is no individual liability under the applicable provision of the ADA."  See id.

Defendants admitted that Farmer is the Manager of Disability Services for the National Board of Medical Examiners (hereinafter, "NBME").  See id. at 2.  Defendants admitted that in that position, Farmer oversees the department responsible for reviewing requests for testing accommodations, that she herself reviewed the Plaintiff's request for testing accommodations, and that she herself sent letters to the Plaintiff denying his request for accommodations.  See id.

Defendants' Motion to Dismiss should be denied with regard to Farmer.

**ARGUMENT**

**I.     The Plaintiff Has Stated A Viable Claim Against Farmer As A Person Who "Offers" The NBME**

The Plaintiff's claims against the Defendants are brought pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12189.  "Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals."  See 42 U.S.C. § 12189.  Defendants argue that Farmer should be dismissed as a Defendant because she "does not 'offer' the USMLE Step 1 examination."  See Defendants' Memorandum at 4.  In support of that proposition, Defendants cite the decision of the U.S. Court of Appeals for the Third Circuit in Emerson v. Thiel.  See id. at 3.

The court in that decision held that individual liability would only attach to individuals who "control or direct the functioning" or "conduct the affairs of" the named institutional defendant.  See Emerson v. Thiel, 296 F.3d 184, 189 (3d Cir. 2002).  Defendants admit that Farmer "*oversaw* the review of Mr. Cockburn's request for accommodations[.]"  See Defendants' Memorandum at 4 (emphasis added).  Farmer represents herself in correspondence as the NBME's "Manager of Disability Services."  See Amended Complaint at 2, ¶6.  The plain meaning of "oversaw" is "supervised."  Taken the words by their plain meaning, Farmer supervises, manages, controls or directs the functioning of the NBME department which provides accommodations to test-takers.  As such, Farmer should be held liable under the ADA and should not be dismissed.

**II.    The Plaintiff Has Stated A Viable Claim For Prospective Relief Against Farmer In Her Official Capacity**

For claims brought under the ADA, "prospective relief against state officials acting in their official capacities may proceed under the statute." See Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002).  In his Complaint, Plaintiff brought a claim against Farmer "in her official capacity as the Manager of Disability Services for the NBME." See Plaintiff's Amended Complaint at 2, ¶6.  Plaintiff sought primarily prospective relief, requesting that this Court order the Defendants to provide the Plaintiff with accommodations recommended by a psychologist on the test date of his choice; and order the Defendants to find that the Plaintiff would pass the examination if he achieved a score of 185, based on the passing score for the test date for which Plaintiff had originally sought accommodations.  See Amended Complaint at 12, ¶¶ A, B.  Defendants admit that Farmer oversees the department which determines which testing accommodations will be provided.  See Defendants' Memorandum at 2, 4.  As Manager of Disability Services, Farmer would be responsible for implementing any prospective relief ordered by this Court.  Therefore, Plaintiff is seeking prospective relief from NBME and Farmer, in her official capacity as Manager of Disability Services for the NBME.  To the extent that Farmer, in her official capacity, is not liable for any retrospective relief, the Defendants restate their argument that "monetary relief is not available to private individuals under Title III of the ADA." See Defendants' Memorandum at 4 (internal quotation marks and punctuation omitted).

Because the Plaintiff's claim is brought for Farmer's actions in a supervisory role, and because Farmer is sued in her official capacity, Farmer should not be dismissed as a Defendant.

**III.    Plaintiff Does Not Contest Dismissal Of Requests For Damages Under Title III Of The ADA**

To the extent that Defendants seek dismissal of the request for relief of compensatory and punitive damages, the Plaintiff does not contest the motion to dismiss.

**CONCLUSION**

For the reasons stated above, the Plaintiff opposes the Defendants' Motion to Dismiss Farmer as a Defendant.  The Plaintiff does not oppose the Defendants' Motion to Dismiss requested relief of damages.

Respectfully submitted,

 /s/ Wayne D. Steedman
Wayne D. Steedman, Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Ste. 1402
Baltimore, Maryland  21201
410-576-7606
Attorney for the Plaintiff

 /s/ James F. Silver
James F. Silver, Federal Bar No. 28571
Callegary & Steedman, P.A.
201 N. Charles Street, Ste. 1402
Baltimore, Maryland 21201
410-576-7606
Attorney for the Plaintiff

/s/ Judith A. Gran
Judith A. Gran, Federal Bar No. 40134
Reisman Carolla Gran LLP
19 Chestnut Street
Haddonfield, New Jersey 08033
(856) 354-0061
Attorney for the Plaintiff

DATED:  August 2, 2010