IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN )<br>)<br>            **Plaintiff,**         )<br>)<br>v.                                                        )<br>)<br>NATIONAL BOARD OF              )<br>MEDICAL EXAMINERS           )<br>et al.                                                 )<br>)<br>            **Defendants**         ) | Civil Action No. 10-1407 |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

On March 30, 2010, Plaintiff filed the Complaint in this action. On June 10, 2010, Plaintiff served a copy of the Complaint on the Defendants. On July 8, 2010, this Court entered an Order requiring that, within 30 days, Defendants "show cause why judgment should not be entered in favor of the Plaintiffs for failure to respond." See Order dated July 8, 2010.

On July 23, 2010, Defendants filed a Response to Order to Show Cause (hereinafter, "Response"), along with an Answer and a Motion to Dismiss. Plaintiff hereby raises the following points in reply to the Defendants' Response.

**I.   Defendants Had Ample Time To Prepare An Answer To The Complaint, And Waived A Longer Timeline In Which To Do So**

The Defendants assert, in their Response, that judgment should not be entered for failure to respond because they did Respond within a reasonable period of time of service. However, Defendants do not apprise the Court that, by July 8, they had waived a

1

longer timeline available if they had agreed to waive service, and had already had approximately four months in which to prepare their Answer.

### A. Defendants Notified Plaintiff They Would Not Waive Service, Requiring Application of a 21-Day Timeline

Counsel for Plaintiff contacted Defendant the National Board of Medical Examiners (hereinafter, "NBME") on or about March 10, 2010, to determine what personnel would receive a copy of Plaintiff's Complaint. Counsel for the Plaintiff notified Tricia Weaver, an attorney in the Office of Counsel at NBME, that they intended to serve a copy of the Complaint by mail, along with Notice of a Lawsuit and Request to Waive Service of a Summons. Ms. Weaver informed counsel that NBME would not waive service, and would require that the Complaint be served.

The Federal Rules provide a Defendant with 60 days to file an answer to a complaint if it timely waives service. See Fed. R. Civ. P 12(a)(1)(A)(ii). The Rules require, however, that Defendants who insist on service of summons must serve their answer within 21 days. See Fed. R. Civ. P 12(a)(1)(A)(i). Defendant NBME notified Plaintiff that it would not waive service, and thereby required that the Plaintiff incur the cost of service. Defendants thereby waived the additional 39 days to file their answer.

### B. Defendants Had Notice Of Plaintiff's Complaint On April 7, Four Months Before Their Answer Was Due

Defendants state, in their Response, that the Complaint was filed on March 30, and was served on Defendants on June 10. However, Defendants had notice of the Complaint at least by April 7, 2010, when counsel for Defendants first contacted counsel for Plaintiff regarding settlement, and indicated familiarity with the terms of relief

requested by Plaintiff. Thus, Defendants were aware of the terms of the Complaint – and had opportunity to draft their answer – prior to June 10, 2010.

In light of the time available for Defendants to prepare their Answer, and their refusal to waive service of summons, their failure to timely file would justify this Court entering default judgment for the Plaintiff.

### II.     Defendants Failed To Show Cause Why They Did Not Request Extension Of The 21-Day Timeline

Defendants state, in their Response, that "Defendants' response to the Complaint was . . . due on or about July 1, 2010" but that "Defendants requested a three-week extension . . . . [which] put Defendants' response date at July 22, 2010." See Response at 1. Defendants did contact counsel for the Plaintiff late in the afternoon of July 1, to request an extension of the timeline to file their Answer. Out of professional courtesy, counsel for the Plaintiff agreed not to oppose such a request.

However, Defendants did not request an extension from this Court following Plaintiff's agreement. Defendants, to date, still have not requested an extension of the timeline from this Court. Defendants did not, in their Response, show cause why they did not request an extension of the timeline from this Court. Defendants' failure to timely file an Answer, timely request an extension, or to offer any explanation for those failures, would justify the Court entering default judgment for the Plaintiff.

**Conclusion**

In their Response, Defendants offered an explanation for their failure to file an Answer on July 1, 2010. However, Defendants had approximately 4 months to prepare their Answer prior to July 1. If Defendants had waived service of summons, their

Answer would not have been due for 60 days after service.  Defendants refused to waive service, requiring that they file their Answer within 21 days of being served with the Complaint.

In spite of these facts, when counsel for Defendants contacted counsel for Plaintiff on the last day of the timeline, counsel for the Plaintiff agreed not to oppose a request for an extension.  Defendants then failed to file a request for an extension, and offer no explanation for that failure in their Response.

In light of the above facts, the Court should enter judgment by default in favor of the Plaintiff.

                Respectfully submitted,

                /s/ Wayne D. Steedman
                Wayne D. Steedman, Federal Bar No. 09474
                Callegary & Steedman, P.A.
                201 N. Charles Street, Ste. 1402
                Baltimore, Maryland  21201
                410-576-7606
                Attorney for the Plaintiff

                /s/ James F. Silver
                James F. Silver, Federal Bar No. 28571
                Callegary & Steedman, P.A.
                201 N. Charles Street, Ste. 1402
                Baltimore, Maryland 21201
                410-576-7606
                Attorney for the Plaintiff

                /s/ Judith A. Gran
                Judith A. Gran, Federal Bar No. 40134
                Reisman Carolla Gran LLP
                19 Chestnut Street
                Haddonfield, New Jersey 08033
                (856) 354-0061
                Attorney for the Plaintiff

DATED:  August 2, 2010