# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>and<br><br>CATHERINE FARMER,<br><br>Defendants. | §§§§§§§§§§§§§§<br><br>No. 2:10-cv-01407-JS |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff Stephen Harrison Cockburn ("Mr. Cockburn") has sued Defendants National Board of Medical Examiners ("NBME") and Catherine Farmer ("Ms. Farmer") under a provision in Title III of the Americans with Disabilities Act ("ADA") that addresses the administration of examinations to individuals with disabilities. *See* Complaint ¶ 2 (citing 42 U.S.C. § 12189). Mr. Cockburn asserts that Defendants violated the ADA by failing to provide him with extra testing time and other accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"). *See* Complaint at pp. 11-12.

Ms. Farmer has moved to dismiss Mr. Cockburn's claims in their entirety because "no individual liability exists under the ADA." *Walter v. Cumberland Valley School Dist.*, 2010 U.S. Dist. LEXIS 57177, **13-14 (M.D. Pa. June 10, 2010). *See* Defendants' Memorandum in Support of Motion to Dismiss at 3-4 (D.E. 7). In addition, NBME has moved to dismiss Mr. Cockburn's request for damages, because damages cannot be recovered under Title III of the ADA. *See* D.E. 7 at 4.

Mr. Cockburn has now responded to the Defendants' motion. He "does not contest the motion to dismiss" insofar as it seeks "dismissal of [his] request for relief of compensatory and punitive damages." Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss at 4 ("Pl. Resp.") (D.E. 10). His concession on this point is not surprising. It is firmly established that damages cannot be recovered under Title III of the ADA. *See* D.E. 7 at 4. Indeed, because a claim for damages under Title III is not "warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), Mr. Cockburn should not have included a claim for damages in the first place, and NBME should not have been put to the expense of responding to such a claim.

What is surprising, however, is that Mr. Cockburn has contested Ms. Farmer's motion to be dismissed as a defendant. Mr. Cockburn has sued Ms. Farmer solely "in her official capacity as Manager of Disability Services for NBME." *See* Complaint ¶ 6; Pl. Resp. at 3. "[T]he overwhelming authority on the issue has concluded that no such individual liability exists." *Boggi v. Medical Review & Accrediting Council*, 2009 WL 2951022, ** 9-10 (E.D. Pa. 2009) (dismissing ADA claims against individual defendants pursuant to Rule 12(b)(6)).

The Defendants cited several cases in support of this proposition. *See* D.E. 7 at 3-4. Mr. Cockburn responds by addressing only one of those cases, *Emerson v. Thiel College*. He suggests that his claim against Ms. Farmer is consistent with the holding in *Emerson*, Pl. Resp. at 2, but that is clearly not the case. In *Emerson*, a student brought suit against his college and its individual employees, including the President and Vice President for Academic Affairs, for violation of Title III of the ADA. *See* 296 F.3d 184, 186 (3d Cir. 2002). The Third Circuit rejected the claim, holding that the individual defendants did not operate Thiel College and therefore could not be liable under Title III. *Id.* at 189. The same basic reasoning applies here.

The relevant Title III provision in this case is Section 12189, which applies to persons who "offer" examinations. *See* 42 U.S.C. § 12189. This provision clearly applies to the testing entities that administer the covered examinations, not their employees. The statute imposes requirements relating to the "place" and the "manner" in which the examination is administered, and it is the testing entity that makes those decisions.

The implementing regulations for Section 12189 remove all possible doubt on this question. The regulations make clear that Section 12189 applies to testing entities, not to individuals who work for such entities. *See* 28 C.F.R. §§ 36.309(a) ("Any <u>private entity</u> that offers examinations … shall offer such examinations … in a place and manner accessible to persons with disabilities…."); 36.309(b)(3) ("A <u>private entity</u> offering an examination is covered by this section….") (emphasis added). Because Ms. Farmer is not a "private entity" and does not "offer" the USMLE exams within the meaning of Section 12189, the claims against her should be dismissed. *See also Riordan v. Marywood Univ.*, 2010 U.S. Dist. LEXIS 70519, \*\* 1-2 (M.D. Pa. July 14, 2010)(dismissing ADA claims against individual defendants who were involved in evaluating the student plaintiff's requests for academic accommodations, because "there is no individual liability under Title II of the ADA, nor may moving defendants be liable in their official capacities under Title III since they do no own, lease or operate Marywood University")(citations omitted); *Taylor v. Altoona Area School Dist.*, 513 F. Supp. 2d 540, 558-60 (W.D. Pa. 2007) (dismissing ADA Title II claims against individual defendants).

In the face of this extensive authority holding that private individuals may not be sued under the ADA, Mr. Cockburn asserts that "'prospective relief against state officials acting in their official capacities may proceed under the statute.'" Pl. Resp. at 3 (quoting *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002)). But *Koslow* involved employees of a

governmental entity, and suits against governmental entities and their employees trigger an analysis that is inapplicable here. Mr. Cockburn has therefore not cited a single case that supports the legal viability of his claims against Ms. Farmer.

Nor has he identified any practical reason why he needs to have Ms. Farmer as a defendant in this case. He has acknowledged that he cannot recover damages under Title III of the ADA, and that he is seeking only "prospective relief from ... Farmer, in her official capacity as Manager of Disability Services for the NBME." Pl. Resp. at 3. The relief he is seeking from Ms. Farmer is identical to the relief is seeking from NBME (i.e., an injunction requiring that he be given extra testing time on his medical licensing exam based upon his claimed learning disability and attention deficit disorder). There is no legitimate need to subject individuals to the inconvenience of being a named party in a lawsuit by suing them in their official capacity when the identical claims have also been asserted against the entity that employs those individuals. "[T]he claims against the individual Defendants in their official capacities [are] redundant to [a] Plaintiff's claims against [the entity]," and dismissing the claims against the individuals "simplifies the action without prejudice to [the] Plaintiff." *Riordan v. Marywood Univ.*, 2010 U.S. Dist. LEXIS 70475, *9 (M.D. Pa. June 7, 2010), *recommended opinion adopted*, 2010 U.S. Dist. LEXIS 70519 (M.D. Pa. July 14, 2010); *accord, Blunt v. Lower Merion School Dist.*, 2008 U.S. Dist. LEXIS 11918, ** 45-47 (E.D. Pa. Feb. 15, 2008)("[N]aming of the individual defendants ... is redundant.... Accordingly, we will dismiss the individually named ... defendants.").

-5-

## CONCLUSION

Ms. Farmer should be dismissed as a defendant in this case. Mr. Cockburn's request for compensatory and punitive damages against NBME should also be dismissed. Both dismissals should be with prejudice.

Dated this 6th day of August 2010.

>Respectfully submitted,
>
>_____/s/_____
>Robert A. Burgoyne
>FULBRIGHT & JAWORSKI L.L.P.
>801 Pennsylvania Avenue, NW
>Washington, DC 20004-2623
>(202) 662-0200
>Fax: (202) 662-4643
>Email: rburgoyne@fulbright.com