# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEPHEN HARRISON COCKBURN, | § § § § | |
| Plaintiff, | § | |
| v. | § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § § § | No. 2:10-cv-01407-JS |
| and | § § | |
| CATHERINE FARMER, | § § § | |
| Defendants. | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S
## RESPONSE ON THE COURT'S ORDER TO SHOW CAUSE

On July 8, 2010, the Court entered an Order giving the Defendants "30 days to show cause why judgment should not be entered in favor of Plaintiffs for failure to respond." (D.E. 6.) On July 23, 2010, Defendants responded to the Court's Order. *See* Response to Order to Show Cause. (D.E. 9.) Defendants noted in their Response that the Complaint in this action was filed on March 30, 2010, but was not served on the Defendants until June 10, 2010. Defendants also noted that their response to the Complaint was therefore due on or about July 1, 2010, and that Plaintiff, through counsel, had consented to a three-week extension. *See id.* The extension put Defendants' response due date at July 22, 2010, and Defendants filed their responses to the Complaint on that date. *See* Defendants' Motion to Dismiss (D.E. 7) *and* Defendants' Answer (D.E. 8).

None of these facts have been contested by Mr. Cockburn. Nevertheless, he now urges the Court to enter a "judgment by default in favor of Plaintiff." *See* Plaintiff's Reply to

Defendants' Response to Order to Show-Cause at 4 ("Pl. Show Cause Rep.") (D.E. 11).  Mr. Cockburn's supporting arguments do not justify such an outcome.

Mr. Cockburn first argues that a default judgment should be entered because Mr. Cockburn's attorney contacted a staff member at the National Board of Medical Examiners (NBME) "on or about March 10, 2010" -- before the lawsuit was even filed -- and informed the staff member that Plaintiff "intended to serve a copy of [the] Complaint by mail, along with Notice of a Lawsuit and Request to Waive Service of Summons," and was told by the staff member "that NBME would not waive service, and would require that the Complaint be served." Pl. Show Cause Rep. at 2.[1]  According to Mr. Cockburn, this exchange somehow means that the Defendants "waived the additional 39 days to file their answer" that they would have obtained by accepting service by mail. *Id.*  What Mr. Cockburn fails to make clear, however, is that he never actually served the Complaint on the Defendants by mail "with a Notice of a Lawsuit and Request to Waive Service of a Summons."  Instead, he waited more than two months to accomplish service after filing the Complaint, and he served the complaint in a manner other than by mail.  The March 10, 2010 communication between Mr. Cockburn's counsel and the NBME staff member about what he "intended" to do to accomplish service is therefore irrelevant.  What matters is what Mr. Cockburn actually did to accomplish service, and when he did it.  He chose to serve the Defendants by hand, and he did not do so until June 10, 2010.

Mr. Cockburn next argues that Defendants were on "notice" that they had been sued "at least by April 7, 2010," even though they were not served for another two months, and should have used this time "to draft their answer." *Id.* at 2-3.  Again, however, Mr. Cockburn is clearly wrong.  The event that triggers an obligation to respond is the date on which a complaint is

---

[1] The NBME staff member referenced by Mr. Cockburn is Tricia Weaver.  *See* Pl. Show Cause Rep. at 2.  Mr. Cockburn characterizes Ms. Weaver as "an attorney in the Office of General Counsel at NBME," *id.*, but Ms. Weaver is a paralegal, not an attorney.

properly served. *See* Fed. R. Civ. P. 12(a)(1)(A). There is no obligation to respond sooner if you happen to learn through other means that a lawsuit has been filed.

Mr. Cockburn's third and final argument in support of a default judgment also fails. Mr. Cockburn concedes that (1) the Complaint was not actually served on Defendants until June 10, 2010; (2) the Defendants' response to the Complaint was not due under the Federal Rules until July 1, 2010; and (3) "Defendants did contact counsel for the Plaintiff [on] July 1, to request an extension of the timeline to file their Answer." Pl. Show Cause Rep. at 3. Mr. Cockburn also concedes that, "[o]ut of professional courtesy," his counsel agreed to the Defendants' request. *Id.* However, Mr. Cockburn now reframes the nature of the response that his counsel provided to the Defendants' request for an extension. Mr. Cockburn asserts that his counsel agreed "not to oppose" a request by the Defendants to the Court for an extension. *See id.* Mr. Cockburn then states that, because "Defendants did not request an extension from this Court following Plaintiff's agreement," a default judgment should be entered. *Id.*

The facts are otherwise. On July 1, 2010, Defendants' counsel wrote to one of Mr. Cockburn's attorneys and asked him if he would "be kind enough to consent to a three-week extension" on the Defendants' time for responding to the Complaint. *See* Tab A hereto. In a subsequent telephone conversation between counsel, Mr. Cockburn's attorney agreed to the extension. The Defendants' counsel confirmed this fact in a follow-up email message that was also sent on July 1: "Thanks again for agreeing to a three-week extension. It is <u>very</u> much appreciated." *See id.* (original emphasis).

The request made to Mr. Cockburn's counsel was thus a request that Mr. Cockburn's counsel consent to the requested extension, and that was the consent that Mr. Cockburn's counsel provided. Defendants did not ask Mr. Cockburn's counsel "not to oppose" a motion by the

Defendants for an extension. *See* Pl. Show Cause Rep. at 3. Having gotten the consent of Mr. Cockburn's counsel to the requested extension, Defendants' counsel should have filed a stipulation with the Court confirming the extension, which was less than 30 days and could have been acted upon by the clerk. *See* Local Rule 7.4(b)(2). Defendants' counsel inadvertently neglected to do so, however -- an oversight that will not be repeated. That oversight does not justify entry of a default judgment.

Indeed, it is important to note what Mr. Cockburn has <u>not</u> argued in urging the Court to enter a default judgment. He has not argued that Defendants failed to respond within the extended time period to which his counsel had agreed. He has not argued that he has suffered any prejudice. He has not argued that Defendants acted willfully or in bad faith. And he has not argued that Defendants do not have *prima facie* meritorious defenses. Nor could he. *See* Defendants' Answer (D.E.8); Defendants' Motion to Dismiss (D.E. 7). In short, he has not made the showing that is required to justify the "extreme" remedy of a default judgment. *See, e.g., Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (default not warranted where defendant failed "to file an answer for more than six weeks after it was due); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984); *Johnson v. Central Montgomery Mental Hosp.*, 2008 Dist. LEXIS 19923, **3-4 (E.D. Pa. 2008); *Traxler v. Mufflin Sch. Dist.*, 2008 U.S. Dist. LEXIS 51186, *3 (M.D. Pa. 2008). "The Third Circuit Court of Appeals, like the vast majority of courts, has explicitly adopted a policy disfavoring default judgments and encouraging decisions on the merits." *Barclay Transp. v. Land O' Lakes, Inc.*, 2008 U.S. Dist. LEXIS 77039, *4 (M.D. Pa. 2008). Defaults are disfavored even "in a close case," *Zawadski v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987), and this case does not rise to the level of a close case.

## CONCLUSION

A default judgment should not be entered in favor of Plaintiffs.

Dated this 6th day of August 2010.

Respectfully submitted,

_____/s/_____

Robert A. Burgoyne
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC  20004-2623
(202) 662-0200
Fax:  (202) 662-4643
Email:  rburgoyne@fulbright.com

# TAB A

## Burgoyne, Robert

| | |
|---|---|
| **From:** | Burgoyne, Robert |
| **Sent:** | Thursday, July 01, 2010 5:04 PM |
| **To:** | 'james@callegarysteedman.com' |
| **Subject:** | FW: Cockburn v. NBME |

Jim,

Thanks again for agreeing to a three-week extension.  It is *very* much appreciated.

Bob

---

| | |
|---|---|
| **From:** | Burgoyne, Robert |
| **Sent:** | Thursday, July 01, 2010 3:59 PM |
| **To:** | 'james@callegarysteedman.com' |
| **Subject:** | Cockburn v. NBME |

Hello Jim,

I gather that NBME has now been served.  I am writing to request a short extension for their response date.  I would ordinarily request only a two-week extension, but as I go on vacation Saturday for a week and then have a PI hearing as soon as I get back, would you be kind enough to consent to a three-week extension?  We would of course extend similar courtesies down the road.

Thanks very much.  I will look forward to hearing back from you.

Bob