UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>and<br><br>CATHERINE FARMER,<br><br>Defendants. | No. 2:10-cv-01407-JS |

### DEFENDANTS' REPLY MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

Plaintiff Stephen Harrison Cockburn ("Mr. Cockburn") has sued Defendants National Board of Medical Examiners ("NBME") and Catherine Farmer ("Ms. Farmer") under a provision in Title III of the Americans with Disabilities Act ("ADA") that addresses the administration of examinations to individuals with disabilities. *See* Complaint ¶ 2 (citing 42 U.S.C. § 12189). Mr. Cockburn asserts that Defendants violated the ADA by failing to provide him with extra testing time and other accommodations on Step 1 of the United States Medical Licensing Examination ("USMLE"). *See* Complaint at pp. 11-12.

Ms. Farmer has moved to dismiss Mr. Cockburn's claims in their entirety because "no individual liability exists under the ADA." *Walter v. Cumberland Valley School Dist.*, 2010 U.S. Dist. LEXIS 57177, **13-14 (M.D. Pa. June 10, 2010). *See* Defendants' Memorandum in Support of Motion to Dismiss at 3-4 (D.E. 7). In addition, NBME has moved to dismiss Mr. Cockburn's request for damages, because damages cannot be recovered under Title III of the ADA. *See* D.E. 7 at 4.

80856971.1

Mr. Cockburn has now responded to the Defendants' motion. He "does not contest the motion to dismiss" insofar as it seeks "dismissal of [his] request for relief of compensatory and punitive damages." Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss at 4 ("Pl. Resp.") (D.E. 10). His concession on this point is not surprising. It is firmly established that damages cannot be recovered under Title III of the ADA. *See* D.E. 7 at 4. Indeed, because a claim for damages under Title III is not "warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), Mr. Cockburn should not have included a claim for damages in the first place, and NBME should not have been put to the expense of responding to such a claim.

What is surprising, however, is that Mr. Cockburn has contested Ms. Farmer's motion to be dismissed as a defendant. Mr. Cockburn has sued Ms. Farmer solely "in her official capacity as Manager of Disability Services for NBME." *See* Complaint ¶ 6; Pl. Resp. at 3. "[T]he overwhelming authority on the issue has concluded that no such individual liability exists." *Boggi v. Medical Review & Accrediting Council*, 2009 WL 2951022, \*\* 9-10 (E.D. Pa. 2009) (dismissing ADA claims against individual defendants pursuant to Rule 12(b)(6)).

The Defendants cited several cases in support of this proposition. *See* D.E. 7 at 3-4. Mr. Cockburn responds by addressing only one of those cases, *Emerson v. Thiel College*. He suggests that his claim against Ms. Farmer is consistent with the holding in *Emerson*, Pl. Resp. at 2, but that is clearly not the case. In *Emerson*, a student brought suit against his college and its individual employees, including the President and Vice President for Academic Affairs, for violation of Title III of the ADA. *See* 296 F.3d 184, 186 (3d Cir. 2002). The Third Circuit rejected the claim, holding that the individual defendants did not operate Thiel College and therefore could not be liable under Title III. *Id.* at 189. The same basic reasoning applies here.

The relevant Title III provision in this case is Section 12189, which applies to persons who "offer" examinations. *See* 42 U.S.C. § 12189. This provision clearly applies to the testing entities that administer the covered examinations, not their employees. The statute imposes requirements relating to the "place" and the "manner" in which the examination is administered, and it is the testing entity that makes those decisions.

The implementing regulations for Section 12189 remove all possible doubt on this question. The regulations make clear that Section 12189 applies to testing entities, not to individuals who work for such entities. *See* 28 C.F.R. §§ 36.309(a) ("Any private entity that offers examinations ... shall offer such examinations ... in a place and manner accessible to persons with disabilities...."); 36.309(b)(3) ("A private entity offering an examination is covered by this section....") (emphasis added). Because Ms. Farmer is not a "private entity" and does not "offer" the USMLE exams within the meaning of Section 12189, the claims against her should be dismissed. *See also Riordan v. Marywood Univ.*, 2010 U.S. Dist. LEXIS 70519, ** 1-2 (M.D. Pa. July 14, 2010)(dismissing ADA claims against individual defendants who were involved in evaluating the student plaintiff's requests for academic accommodations, because "there is no individual liability under Title II of the ADA, nor may moving defendants be liable in their official capacities under Title III since they do no own, lease or operate Marywood University")(citations omitted); *Taylor v. Altoona Area School Dist.*, 513 F. Supp. 2d 540, 558-60 (W.D. Pa. 2007) (dismissing ADA Title II claims against individual defendants).

In the face of this extensive authority holding that private individuals may not be sued under the ADA, Mr. Cockburn asserts that "'prospective relief against state officials acting in their official capacities may proceed under the statute.'" Pl. Resp. at 3 (quoting *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002)). But *Koslow* involved employees of a

governmental entity, and suits against governmental entities and their employees trigger an analysis that is inapplicable here. Mr. Cockburn has therefore not cited a single case that supports the legal viability of his claims against Ms. Farmer.

Nor has he identified any practical reason why he needs to have Ms. Farmer as a defendant in this case. He has acknowledged that he cannot recover damages under Title III of the ADA, and that he is seeking only "prospective relief from ... Farmer, in her official capacity as Manager of Disability Services for the NBME." Pl. Resp. at 3. The relief he is seeking from Ms. Farmer is identical to the relief is seeking from NBME (i.e., an injunction requiring that he be given extra testing time on his medical licensing exam based upon his claimed learning disability and attention deficit disorder). There is no legitimate need to subject individuals to the inconvenience of being a named party in a lawsuit by suing them in their official capacity when the identical claims have also been asserted against the entity that employs those individuals. "[T]he claims against the individual Defendants in their official capacities [are] redundant to [a] Plaintiff's claims against [the entity]," and dismissing the claims against the individuals "simplifies the action without prejudice to [the] Plaintiff." *Riordan v. Marywood Univ.*, 2010 U.S. Dist. LEXIS 70475, *9 (M.D. Pa. June 7, 2010), *recommended opinion adopted*, 2010 U.S. Dist. LEXIS 70519 (M.D. Pa. July 14, 2010); *accord, Blunt v. Lower Merion School Dist.*, 2008 U.S. Dist. LEXIS 11918, ** 45-47 (E.D. Pa. Feb. 15, 2008)("[N]aming of the individual defendants ... is redundant.... Accordingly, we will dismiss the individually named ... defendants.").

## CONCLUSION

Ms. Farmer should be dismissed as a defendant in this case. Mr. Cockburn's request for compensatory and punitive damages against NBME should also be dismissed. Both dismissals should be with prejudice.

Dated this 6th day of August 2010.

                                        Respectfully submitted,

                                            /s/

Robert A. Burgoyne
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
Email: rburgoyne@fulbright.com

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN HARRISON COCKBURN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § § § | No. 2:10-cv-01407-JS |
| and | § § | |
| CATHERINE FARMER, | § § | |
| Defendants. | § § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S
## RESPONSE ON THE COURT'S ORDER TO SHOW CAUSE

On July 8, 2010, the Court entered an Order giving the Defendants "30 days to show cause why judgment should not be entered in favor of Plaintiffs for failure to respond." (D.E. 6.) On July 23, 2010, Defendants responded to the Court's Order. *See* Response to Order to Show Cause. (D.E. 9.) Defendants noted in their Response that the Complaint in this action was filed on March 30, 2010, but was not served on the Defendants until June 10, 2010. Defendants also noted that their response to the Complaint was therefore due on or about July 1, 2010, and that Plaintiff, through counsel, had consented to a three-week extension. *See id.* The extension put Defendants' response due date at July 22, 2010, and Defendants filed their responses to the Complaint on that date. *See* Defendants' Motion to Dismiss (D.E. 7) *and* Defendants' Answer (D.E. 8).

None of these facts have been contested by Mr. Cockburn. Nevertheless, he now urges the Court to enter a "judgment by default in favor of Plaintiff." *See* Plaintiff's Reply to

Defendants' Response to Order to Show-Cause at 4 ("Pl. Show Cause Rep.") (D.E. 11). Mr. Cockburn's supporting arguments do not justify such an outcome.

Mr. Cockburn first argues that a default judgment should be entered because Mr. Cockburn's attorney contacted a staff member at the National Board of Medical Examiners (NBME) "on or about March 10, 2010" -- before the lawsuit was even filed -- and informed the staff member that Plaintiff "intended to serve a copy of [the] Complaint by mail, along with Notice of a Lawsuit and Request to Waive Service of Summons," and was told by the staff member "that NBME would not waive service, and would require that the Complaint be served." Pl. Show Cause Rep. at 2.[1] According to Mr. Cockburn, this exchange somehow means that the Defendants "waived the additional 39 days to file their answer" that they would have obtained by accepting service by mail. *Id.* What Mr. Cockburn fails to make clear, however, is that he never actually served the Complaint on the Defendants by mail "with a Notice of a Lawsuit and Request to Waive Service of a Summons." Instead, he waited more than two months to accomplish service after filing the Complaint, and he served the complaint in a manner other than by mail. The March 10, 2010 communication between Mr. Cockburn's counsel and the NBME staff member about what he "intended" to do to accomplish service is therefore irrelevant. What matters is what Mr. Cockburn actually did to accomplish service, and when he did it. He chose to serve the Defendants by hand, and he did not do so until June 10, 2010.

Mr. Cockburn next argues that Defendants were on "notice" that they had been sued "at least by April 7, 2010," even though they were not served for another two months, and should have used this time "to draft their answer." *Id.* at 2-3. Again, however, Mr. Cockburn is clearly wrong. The event that triggers an obligation to respond is the date on which a complaint is

---

[1] The NBME staff member referenced by Mr. Cockburn is Tricia Weaver. *See* Pl. Show Cause Rep. at 2. Mr. Cockburn characterizes Ms. Weaver as "an attorney in the Office of General Counsel at NBME," *id.*, but Ms. Weaver is a paralegal, not an attorney.

90136964.1                                   - 2 -

properly served. *See* Fed. R. Civ. P. 12(a)(1)(A). There is no obligation to respond sooner if you happen to learn through other means that a lawsuit has been filed.

Mr. Cockburn's third and final argument in support of a default judgment also fails. Mr. Cockburn concedes that (1) the Complaint was not actually served on Defendants until June 10, 2010; (2) the Defendants' response to the Complaint was not due under the Federal Rules until July 1, 2010; and (3) "Defendants did contact counsel for the Plaintiff [on] July 1, to request an extension of the timeline to file their Answer." Pl. Show Cause Rep. at 3. Mr. Cockburn also concedes that, "[o]ut of professional courtesy," his counsel agreed to the Defendants' request. *Id.* However, Mr. Cockburn now reframes the nature of the response that his counsel provided to the Defendants' request for an extension. Mr. Cockburn asserts that his counsel agreed "not to oppose" a request by the Defendants to the Court for an extension. *See id.* Mr. Cockburn then states that, because "Defendants did not request an extension from this Court following Plaintiff's agreement," a default judgment should be entered. *Id.*

The facts are otherwise. On July 1, 2010, Defendants' counsel wrote to one of Mr. Cockburn's attorneys and asked him if he would "be kind enough to consent to a three-week extension" on the Defendants' time for responding to the Complaint. *See* Tab A hereto. In a subsequent telephone conversation between counsel, Mr. Cockburn's attorney agreed to the extension. The Defendants' counsel confirmed this fact in a follow-up email message that was also sent on July 1: "Thanks again for agreeing to a three-week extension. It is very much appreciated." *See id.* (original emphasis).

The request made to Mr. Cockburn's counsel was thus a request that Mr. Cockburn's counsel consent to the requested extension, and that was the consent that Mr. Cockburn's counsel provided. Defendants did not ask Mr. Cockburn's counsel "not to oppose" a motion by the

Defendants for an extension. *See* Pl. Show Cause Rep. at 3. Having gotten the consent of Mr. Cockburn's counsel to the requested extension, Defendants' counsel should have filed a stipulation with the Court confirming the extension, which was less than 30 days and could have been acted upon by the clerk. *See* Local Rule 7.4(b)(2). Defendants' counsel inadvertently neglected to do so, however -- an oversight that will not be repeated. That oversight does not justify entry of a default judgment.

Indeed, it is important to note what Mr. Cockburn has <u>not</u> argued in urging the Court to enter a default judgment. He has not argued that Defendants failed to respond within the extended time period to which his counsel had agreed. He has not argued that he has suffered any prejudice. He has not argued that Defendants acted willfully or in bad faith. And he has not argued that Defendants do not have *prima facie* meritorious defenses. Nor could he. *See* Defendants' Answer (D.E.8); Defendants' Motion to Dismiss (D.E. 7). In short, he has not made the showing that is required to justify the "extreme" remedy of a default judgment. *See, e.g., Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (default not warranted where defendant failed "to file an answer for more than six weeks after it was due); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984); *Johnson v. Central Montgomery Mental Hosp.*, 2008 Dist. LEXIS 19923, **3-4 (E.D. Pa. 2008); *Traxler v. Mufflin Sch. Dist.*, 2008 U.S. Dist. LEXIS 51186, *3 (M.D. Pa. 2008). "The Third Circuit Court of Appeals, like the vast majority of courts, has explicitly adopted a policy disfavoring default judgments and encouraging decisions on the merits." *Barclay Transp. v. Land O' Lakes, Inc.*, 2008 U.S. Dist. LEXIS 77039, *4 (M.D. Pa. 2008). Defaults are disfavored even "in a close case," *Zawadski v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987), and this case does not rise to the level of a close case.

## CONCLUSION

A default judgment should not be entered in favor of Plaintiffs.

Dated this 6th day of August 2010.

        Respectfully submitted,

        _____/s/_____
Robert A. Burgoyne
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC 20004-2623
(202) 662-0200
Fax: (202) 662-4643
Email: rburgoyne@fulbright.com

# TAB A

# Burgoyne, Robert

**From:** Burgoyne, Robert
**Sent:** Thursday, July 01, 2010 5:04 PM
**To:** 'james@callegarysteedman.com'
**Subject:** FW: Cockburn v. NBME

Jim,

Thanks again for agreeing to a three-week extension. It is *very* much appreciated.

Bob

---

**From:** Burgoyne, Robert
**Sent:** Thursday, July 01, 2010 3:59 PM
**To:** 'james@callegarysteedman.com'
**Subject:** Cockburn v. NBME

Hello Jim,

I gather that NBME has now been served. I am writing to request a short extension for their response date. I would ordinarily request only a two-week extension, but as I go on vacation Saturday for a week and then have a PI hearing as soon as I get back, would you be kind enough to consent to a three-week extension? We would of course extend similar courtesies down the road.

Thanks very much. I will look forward to hearing back from you.

Bob

1