UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN HARRISON COCKBURN, § § § Plaintiff, § § v. § § NATIONAL BOARD OF MEDICAL § EXAMINERS, *et al.*, § § Defendants. § § § | No. 2:10-cv-01407-JS |

## JOINT RULE 26(f) REPORT

Counsel for the parties have conferred on the matters referenced in Fed. R. Civ. P. 26(f) and hereby submit the following report:

I.  **Description of Case**

Plaintiff Stephen Harrison Cockburn ("Cockburn") alleges that he has an Attention Deficit/Hyperactivity Disorder and a learning disability which makes him "disabled" within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* He claims that, under the ADA, he is entitled to extra testing time and other accommodations when he takes Step 1 of the United States Medical Licensing Examination ("USMLE"), a multi-step standardized examination that is used by medical licensing authorities across the United States as part of the licensing process for physicians.

Together with the Federation of State Medical Boards, defendant National Board of Medical Examiners ("NBME") develops and provides for the administration of the USMLE. Cockburn has sued the NBME under Section 12189 of the ADA for denying his request for testing accommodations on the USMLE. NBME concluded that the supporting documentation

submitted by Cockburn did not establish that he has a disability as defined in the ADA which entitles him to extra testing time or other accommodations and therefore denied his request.

II. **Discovery Plan**

    A. **Counsel for Mr. Cockburn anticipates seeking the following discovery from NBME:**

        1. All documents submitted by Mr. Cockburn to NBME in support of his accommodation request.

        2. All documents relating to NBME's review of and decision on Mr. Cockburn's accommodation request, including all communications or reports from third-party evaluators.

        3. Documents reflecting NBME's accommodation policies.

    B. **Counsel for NBME anticipates seeking the following discovery from Mr. Cockburn:**

        1. All medical records relating to the impairment(s) for which Mr. Cockburn seeks accommodations, including but not limited to any correspondence between Mr. Cockburn and medical professionals.

        2. All records relating to any past requests for accommodations made by Mr. Cockburn on the basis of his impairment(s), including but not limited to (a) requests for testing accommodations on other standardized tests; (b) requests for accommodations in high school, college, medical school or other educational settings; and (c) requests for accommodations in the course of any employment or internships.

        3. All records regarding accommodations that have actually been provided to Mr. Cockburn in other contexts based upon his impairment(s).

    C. **The parties also anticipate seeking discovery from third-parties, including:**

        1. Physicians or other healthcare providers whom Mr. Cockburn consulted about his impairment(s).

        2. Physicians or other third parties whom NBME consulted about Mr. Cockburn's impairment(s).

        3. Institutions that maintain Mr. Cockburn's educational records.

        4. Employers of Mr. Cockburn.

- 3 -

     5.    Entities that administer standardized tests that have been taken by Mr. Cockburn, with or without accommodations.

    **D.**    **Initial Disclosures under Fed. R. Civ. P. 26(a)(1) will be made on or before September 27, 2010.**

    **E.**    **The parties do not believe that any changes should be made in the normal limitations on discovery that are imposed under the Federal Rules of Civil Procedure or the Court's Local Rules.**

    **F.**    **Fact discovery should be completed prior to March 9, 2011.**

**III.**    <u>**Privilege Log**</u>

The parties have agreed to exclude from any privilege log all communications between attorneys and their respective clients sent after the filing of this suit, without waiving privilege as to any such communications.

**IV.**    <u>**E-Discovery**</u>

The parties do not anticipate the need for e-discovery in this case. To the extent that any non-privileged documents responsive to a discovery request are contained in an electronic format, such as emails, the parties have agreed to produce those documents in paper format.

**V.**    <u>**Settlement**</u>

The parties have discussed the possibility of a settlement, but no settlement has been reached.

Date: September 8, 2010

By: <u>/s/ Wayne Steedman</u>                    By: <u>/s/ Robert A. Burgoyne</u>
     Counsel for Plaintiff                          Counsel for Defendant