IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN HARRISON COCKBURN   )
                       )
       **Plaintiff,**          )
                       )
v.                       )      Civil Action No. 10-cv-1407-js
                       )
NATIONAL BOARD OF         )
MEDICAL EXAMINERS        )
                       )
      **Defendant**         )

_____

**PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF CAROLINE MEW**

On February 7, 2011, the Defendant filed a Motion for Summary Judgment, with a

Memorandum in Support.  In support of that Memorandum, Defendant attached to that

Memorandum a Declaration of Caroline Mew, with exhibits numbered 1 through 11.  See

Defendant's Declaration of Caroline Mew, dated February 4, 2011.

Pursuant to Fed. R. Civ. P. 56(e)(1), the Plaintiff hereby moves this Court to strike Ms.

Mew's declaration from the Defendant's Memorandum, because Ms. Mew did not have personal

knowledge of the facts stated in her declaration, and because it is not relevant to the instant

Motion.

**I.**    **Ms. Mew Did Not Have Personal Knowledge Of The Facts Contained In Her Declaration**

In its Initial Disclosures, the Defendant did not identify Ms. Mew as an individual likely

to have information it would use to support its claims or defenses.  The Defendant has not, to

date, amended its Disclosures to reflect any discoverable information it intends to use in support

of its claims or defenses.  In her Declaration, Ms. Mew stated that "unless indicated otherwise, I

have personal knowledge of the facts stated below."  See id. at ¶ 1.  Ms. Mew also stated that

"Attached hereto at Ex. 7 is a true and correct copy of excerpts from the transcript of the

deposition of Stephen H. Cockburn, taken on December 14, 2010," and "Attached hereto at Ex. 8

is a true and correct copy of excerpts from the transcript of the deposition of Vincent P. Culotta,

Ph.D., taken on December 14, 2010." See id. at ¶¶ 9, 10.

Exhibits 7 and 8 to Ms. Mew's Declaration include a list of the attorneys who attended

the depositions.  The Appearances for Mr. Cockburn's deposition indicates that the below-signed

attorneys Wayne Steedman and James Silver appeared on behalf of the Plaintiff, and that Robert

A. Burgoyne and Ting Chen appeared on behalf of the Defendant.  See Mew Exhibit 7,

Transcript of the Deposition of Stephen Harrison Cockburn, dated December 14, 2010, at 2.

Similarly, the Appearances for Dr. Culotta's deposition indicate that the below-signed

attorneys appeared on behalf of the Plaintiff, and that Mr. Burgoyne and Ms. Chen appeared on

behalf of the Defendant.  See Mew Exhibit 8, Transcript of the Deposition of Vincent P. Culotta,

Ph.D., dated December 14, 2010, at 2.  Ms. Mew does not indicate her lack of personal

knowledge of the depositions of Dr. Culotta and Mr. Cockburn.  Instead, she represents that the

transcripts represent "true and correct" copies of the depositions.

Ms. Mew also indicates that Exhibits 1 through 5 are documents "received . . . in

response to a subpoena in this case." See Mew Declaration at 1-2.  Ms. Mew was not the

signatory counsel on the subpoenas in response to which these Exhibits were received – Mr.

Burgoyne was the counsel sending those subpoenas.  As such, her "personal knowledge" of the

documents attached as exhibits cannot extend far beyond having reviewed the documents after

they were received in the office of Defendant's counsel.

## II.     Ms. Mew's Declaration Is Not Relevant To The Defendant's Motion

Fed. R. Civ. P. 56(c)(1)(A) provides that a party may use affidavits or declarations in

support of its contention that a fact cannot be or is genuinely disputed.  In the Memorandum In Support of its Motion for Summary Judgment, the Defendant limits its Motion to the issue of whether the Plaintiff is substantially limited in the major life activities of reading and learning, and specifically excludes the issue of whether the Plaintiff is correctly diagnosed with a Reading Disorder and Attention-Deficit/Hyperactivity Disorder-Predominantly Inattentive Type.  See Memorandum in Support of Motion for Summary Judgment dated February 7, 2011, at 12. Nothing on the face of Ms. Mew's declaration contains any statement or allegation that the Plaintiff is not substantially limited in the major life activities of reading or learning.

**III.     The Plaintiff Is Prejudiced By The Use Of Ms. Mew's Declaration**

Pursuant to the Rules of Professional Conduct, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness[.]"  See Pa. R. of Prof'l Conduct 3.7(a).  An objection to that combined role is proper when "the combination of roles may prejudice [the objecting] party's rights in the litigation."  See Pa. Rs. of Prof'l Conduct 3.7(a), Comment 2.  In this instance, the use of the Declaration is prejudicial to the Plaintiff, as Fed R. Civ. P. 56(e)(2) requires submission of affidavits to support the Plaintiff's Response to the motion, solely to rebut Ms. Mew's statements referring to documentary exhibits.  See generally, Mew Declaration.  The authenticity of the documents should speak for themselves.  Indeed, four of the exhibits attached to Ms Mew's Declaration are themselves self-authenticating.  These documents could have been attached as Exhibits to the Memorandum in Support of the Motion for Summary Judgment without prejudice to the Defendant.

Ms. Mew does not have personal knowledge of the accuracy of the documents attached to her Declaration.  Her Declaration is prejudicial to the Plaintiff, to the extent that it requires the Plaintiff to take efforts to rebut the factual allegations under Rule 56(e)(2) in response to an

3

affidavit that essentially asserts that the exhibits have not been altered.  Therefore, the Plaintiff

respectfully moves this Court to strike her Declaration, and strike the attached exhibits.

Respectfully submitted,

 /s/ Wayne D. Steedman
Wayne D. Steedman, Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Ste. 1402
Baltimore, Maryland  21201
410-576-7606
Attorney for the Plaintiff

 /s/ James F. Silver
James F. Silver, Federal Bar No. 28571
Callegary & Steedman, P.A.
201 N. Charles Street, Ste. 1402
Baltimore, Maryland 21201
410-576-7606
Attorney for the Plaintiff

/s/ Judith A. Gran
Judith A. Gran, Federal Bar No. 40134
Reisman Carolla Gran LLP
19 Chestnut Street
Haddonfield, New Jersey 08033
(856) 354-0061
Attorney for the Plaintiff

DATED:  February 14, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been filed electronically and is available for

viewing and downloading from the ECF system. Counsel of record forth Defendant were served

through the Court's electronic case filing system.

/s/ James F. Silver