UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN HARRISON COCKBURN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | : | No. 10-1407-JS |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS'
OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE THE DECLARATION OF CAROLINE MEW**

Defendant National Board of Medical Examiners ("NBME") hereby opposes Plaintiff's Motion to Strike the Declaration of Caroline Mew ("Pl. Mot. to Strike") (DE #31). Plaintiff moves pursuant to Fed. R. Civ. P. 56(e)(1). Nothing in that rule supports the type of relief sought by Plaintiff. *See* Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact."). Plaintiff is perhaps referring to the abrogated Fed. R. Civ.P. 56(e)(1), which was effective through December 1, 2010. But nothing in the text of that rule supports Plaintiff's requested relief, either.

Plaintiff's motion is frivolous. Ms. Mew's declaration simply identified materials that NBME was relying on in support of its motion for summary judgment and attested to the fact that they were true and correct copies. It was a plain-vanilla declaration of a type that parties routinely file in civil lawsuits litigated in federal court.

Plaintiff takes issue with the fact that Ms. Mew did not personally attend the depositions of Mr. Cockburn or Dr. Culotta, and argues that Ms. Mew does not have personal knowledge of

90374176.1

the depositions whose transcript excerpts are attached to her declaration.  *See* Pl. Mot. to Strike at 2.  Ms. Mew's declaration does not state that the transcripts are accurate.  It simply states that the copies of the deposition transcripts attached to her declaration are true and correct.  This is within her personal knowledge.  *See Commercial Data Servers, Inc. v. IBM*, 262 F. Supp. 2d 50, 59 (S.D.N.Y. 2003) (finding that attorney for defendant had personal knowledge of deposition transcripts taken during discovery where he or one of his colleagues personally attended the deposition).  Similarly, Ms. Mew identified exhibits 1-5 of her deposition as true and correct copies of documents that were received in response to a subpoena in this case.  This is entirely appropriate.  *See* 11 Moore's Fed. Practice § 56.14[2][c] (3d ed. 2010) ("Materials collected during discovery may be authenticated through an affidavit of counsel stating personal knowledge that the documents were obtained during discovery."); *Commercial Data Servers*, 262 F. Supp. 2d at 58-59 ("Mr. Burke, as an attorney for the firm representing IBM, has personal knowledge that the documents attached were obtained during discovery by the firm.").

Plaintiff argues that Ms. Mew cannot act as an advocate and a witness.  *See* Pl. Mot. to Strike, at 3.  But Ms. Mew is not acting as a witness in this matter by submitting a declaration that does nothing more than confirm that documents provided to the Court are true and accurate copies.  She has not testified to any substantive facts in this case.

Plaintiff's argument that Ms. Mew's declaration is somehow prejudicial to his case, *see id.* at 3-4, does not make any sense.  Plaintiff is not "prejudiced" simply because he has to respond to NBME's motion for summary judgment and the evidence submitted therewith– evidence which Plaintiff describes as largely "self-authenticating."  Pls. Motion at 3.  While he is understandably concerned about what those documents show, he is not objecting to the admissibility of the documents attached to Ms. Mew's declaration and says that the "authenticity

of the documents should speak for themselves." *Id.* Indeed, Plaintiff himself relies on some of the material attached to Ms. Mew's declaration in his summary judgment opposition brief.

Plaintiff's motion to strike was thus unnecessary and frivolous. NBME respectfully requests that the Court deny Plaintiff's motion and award NBME such other and further relief as the Court deems just.

A proposed order is submitted herewith.

Dated this 18th day of February, 2011.

                                         Respectfully submitted,

                                         /s/ Robert A. Burgoyne
                                        Robert A. Burgoyne
                                        Caroline M. Mew
                                        Fulbright & Jaworski L.L.P.
                                        801 Pennsylvania Avenue, NW
                                        Washington, DC  20004-2623
                                        Telephone: (202) 662-0200
                                        Fax:  (202) 662-4643
                                        rburgoyne@fulbright.com
                                        cmew@fulbright.com

-4-

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document and the proposed order thereto has been filed electronically and is available for viewing and downloading from the ECF system. Counsel of record for plaintiff were served through the Court's electronic case filing system.

                                                                                /s/ Robert A. Burgoyne